# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

PAULLETO ROGERS,

    Plaintiff,

v.

FIRST GROUP AMERICA, et. al,

    Defendants.

Case No. 1:17-cv-228

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the complaint should be dismissed.

**I. Introduction**

Plaintiff, proceeding *pro se*, seeks to file his complaint *in forma pauperis*, or without payment of a filing fee. Plaintiff lists his home address in Detroit, Michigan. His tendered complaint alleges that on or about August or September 2016, he "mailed a complaint to First Group America and Laid Law First Transit regarding systematic discrimination practices of [G]reyhound [B]us Lines, Inc." (Doc. 1-1 at 3). Plaintiff has listed the same office address in Cincinnati, Ohio for both Defendants.

Plaintiff identifies himself as black, and alleges that he was "subjected to discrimination because of my race…and disability." (*Id.*) He complains that the Defendants "failed to acknowledge and or to resolve my concerns." (*Id.*) The

remainder of Plaintiff's complaint provides the following numbered list without explanation or further elaboration:

1. Unfair and deceptive business practices
2. Filing a compl[aint]
3. Discrimination
4. Customer Services
5. Discourteous treatment
6. Medical accommodations
7. Employee misconduct

(Doc. 1-1 at 3). For relief, Plaintiff seeks monetary damages "greater than $100,000.00," an injunction "to remedy systematic problems….," and "a formal investigation into misconduct and pattern of practices. (*Id.* at 4).

## II. Analysis

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.

2

*Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill,* 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U .S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Based upon the above standards, Plaintiff's complaint must be dismissed in its entirety for failure to state any cognizable federal claim against any identified Defendant. The complaint contains virtually no factual allegations other than "an unadorned, the-defendant-unlawfully-harmed-me accusation" of the variety expressly disparaged in *Iqbal*.

Additionally, the undersigned takes judicial notice of the fact that, while new to this Court, the same Plaintiff is a frequent filer in the federal courts of Michigan and in the Sixth Circuit, as evidenced by the PACER Case Locator information attached as an exhibit to this Report and Recommendation.

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** this case be DISMISSED WITH PREJUDICE for failure to state a claim.

                              *s/ Stephanie K. Bowman*
                              Stephanie K. Bowman
                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAULLETO ROGERS,

    Plaintiff,

v.

FIRST GROUP AMERICA, et. al,

    Defendants.

Case No. 1:17-cv-228

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).